United States District Court
Eastern District of Michigan

Robert Picklesimer, #18219-509,

    Petitioner,

-vs-

Eric Rardin, Warden,

    Respondent.
_____/

Case No. 24-cv-11772

Honorable Stephen J. Murphy
Mag. Judge David R. Grand

## Motion to Dismiss Petition for Writ of Habeas Corpus

The Court should dismiss Robert Picklesimer's petition for a writ of habeas corpus challenging the Bureau of Prisons' refusal to apply his federal time credits toward early release to prerelease custody or supervised release. Dismissal is appropriate because Picklesimer failed to exhaust his administrative remedies.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ William J. Vailliencourt, Jr.
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9626
William.Vailliencourt@usdoj.gov

Dated: October 30, 2024

United States District Court
Eastern District of Michigan

Robert Picklesimer, #18219-509,

    Petitioner,

    -vs-

Eric Rardin, Warden,

    Respondent.
_____/

Case No. 23-cv-11772

Honorable Steven J. Murphy
Mag. Judge David R. Grand

## Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus

### Issue

Should Picklesimer's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed because he failed to exhaust his administrative remedies?

### Statement of Facts

In January 2021, Robert Picklesimer pleaded guilty to possessing with intent to distribute 5 grams or more of methamphetamine under 21 U.S.C. § 841(a)(1). *See* E.D. Ky. No. 20-cr-49, ECF No. 25, PageID.63. He was sentenced to 72 months imprisonment followed by six years of supervised release. (Ex. 1: Declaration of Jeremy Cooper, ¶ 3, Att. 1).

When this petition was filed, Picklesimer was incarcerated at the Federal Correctional Institution in Milan, Michigan, and his projected release date is December 20, 2025. (Ex. 1: ¶¶ 2–3).

In his habeas petition, Picklesimer challenges the Bureau of Prisons' refusal to apply his earned federal time credits toward early release to supervised release or pre-release custody under the First Step Act. (ECF No. 1, Habeas Petition, PageID.1–11). Although Picklesimer is eligible to *earn* Federal Time Credits under the First Step Act, those credits can be *applied* toward his sentence computation—and thus his early transfer to supervised release—only if he has a "low" or "minimum" recidivism risk assessment scores. (Ex. 1, ¶ 5). Here, because his risk score is "medium," Picklesimer is precluded from having those credits applied absent action by the Warden. (*Id.*, ¶¶ 5–6). The warden denied Picklesimer's request. (Ex. 2: Declaration of S. Allison-Love, ¶ 9, Att. 2). Picklesimer appealed that denial to the Regional Director and the appeal was denied as untimely. (*Id.*, Att. 3). Because Picklesimer failed to file an appeal to the Central Office (*id.*, ¶ 9), he did not complete the Bureau of Prisons' administrative remedy process and exhaust his claim. Accordingly, his petition should be

2

dismissed for failing to exhaust his administrative remedies before filing a habeas petition.

## Argument

**Picklesimer's habeas petition should be dismissed for failure to exhaust his administrative remedies.**

The Bureau of Prisons' administrative remedy process allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq*. It is well-settled that federal prisoners must exhaust administrative remedies with the Bureau of Prisons before filing a habeas petition. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). This exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001). And it "gives an agency an opportunity to correct its own mistakes with respect to the programs

3

it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

These same exhaustion rules govern a prisoner's request to require the Bureau of Prisons to apply credits against his sentence. That request "is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit." *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *see also Wilson*, 503 U.S. at 332–33 (holding that it is the Bureau of Prisons' obligation—not the courts'—to compute and apply sentencing credits). Thus, before going to court, the prisoner must raise and pursue his request through the Bureau of Prisons' administrative remedy program. That program requires the prisoner to submit a request to the warden of his facility and, if necessary, appeal the denial of the request to the Regional Director and then to the BOP's Central Office. 28 C.F.R. §§ 542.15–18; (Ex. 2, ¶ 3). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Crisp v. United States*, No. 20-11538, 2020 WL 8765938, at *1 (E.D. Mich. Aug. 12, 2020) (quoting *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994)).

Because Picklesimer did not exhaust his administrative remedies (Ex. 2, ¶¶ 9–10), the Court should dismiss his petition. *See Cook v. Hemingway*, No. 21-cv-11711, 2022 WL 3568571 (E.D. Mich. Aug. 18, 2022); *Buchanan v. Hemingway*, No. 22-cv-13035, 2023 WL 3442236 (E.D. Mich. April 13, 2023).

## Conclusion

Picklesimer's habeas petition should be dismissed.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ William J. Vailliencourt, Jr.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9626
William.Vailliencourt@usdoj.gov

Dated: October 30, 2024

## Certificate of Service

I certify that on October 30, 2024, I electronically filed this response with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

>Robert Picklesimer, No. 18219-509
>FCI Milan - Inmate Mail
>P.O. Box 1000
>Milan, MI 48160

>/s/ William J. Vailliencourt, Jr.
>Assistant United States Attorney