UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PICKLESIMER,

    Petitioner,                    Case No. 2:24-cv-11772

v.                                  HONORABLE STEPHEN J. MURPHY, III

ERIC RARDIN,

    Respondent.
_____/

**OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE
PETITION FOR A WRIT OF HABEAS CORPUS [1]**

Petitioner Robert Picklesimer is incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). *See* ECF 1, PgID 1. He filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* Picklesimer claimed that the Bureau of Prisons (BOP) violated his rights by refusing to apply the time credits that he earned under the First Step Act (FSA) to grant him early release. *Id.* at 2. Respondent moved to dismiss the petition because Picklesimer failed to exhaust his administrative remedies. ECF 10. For the reasons stated below, the petition for a writ of habeas corpus is dismissed without prejudice.

**BACKGROUND**

Picklesimer pleaded guilty in the United States District Court for the Eastern District of Kentucky to possessing with intent to distribute five grams or more of methamphetamine under 21 U.S.C. § 841(a)(1). *See* ECF 10, PgID 35; ECF 10-1, PgID

1

41. Picklesimer was sentenced to 72 months imprisonment followed by six years of supervised release. ECF 10-1, PgID 41. Picklesimer's full term expires on September 16, 2026, but his projected release date is December 20, 2025, via good conduct time. *See id.*

Picklesimer challenged the BOP's refusal to apply his earned federal time credits toward early release, supervised release, or pre-release custody under the First Step Act. ECF 1. Those credits can be applied toward his sentence and his early transfer to supervised release only if he has a "low" or "minimum" recidivism risk assessment score. *See* 28 C.F.R. § 523.44(c)(1), (d)(1). But Picklesimer's risk score is "medium." ECF 10-1, PgID 42. Picklesimer is therefore unable to have the credits applied unless, pursuant to the BOP's Program Statement 5410.01, the prison warden approves application of the credits, after consulting with the Regional Director of the BOP. Although the warden at FCI-Milan initially approved Picklesimer's request, he subsequently denied it after conferring with the Regional Director. *Id.* at 42–43. And so, the warden ultimately denied Picklesimer's request. ECF 10-4, PgID 59. Picklesimer appealed the denial to the Regional Director but the appeal was denied as untimely. *See* ECF 10-3, PgID 56; ECF 10-4, PgID 62. Picklesimer never filed an appeal to the Central Office, *i.e.*, the Office of General Counsel. *See* ECF 10-3, PgID 56.

After Picklesimer filed the instant petition, ECF 1, Respondent moved to dismiss because Petitioner did not completely exhaust his administrative remedies prior to filing the petition. ECF 10.

## DISCUSSION

The petition for a writ of habeas corpus is subject to dismissal because Picklesimer failed to exhaust his administrative remedies prior to filing his petition.

A federal habeas corpus petitioner must exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins,* 638 F.2d 953, 954 (6th Cir. 1981). More importantly, "an inmate must exhaust his administrative remedies entirely before he files suit; he may not begin or complete the exhaustion after his petition has been filed." *See Epps v. Beard*, No. 0:20-cv-44-HRW, 2022 WL 1462762, at *3 (E.D. Ky. May 9, 2022) (citing *Freeman v. Francis*, 196 F. 3d 641, 645 (6th Cir. 1999)). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See, e.g., Luedtke,* 704 F.3d at 466.

The BOP maintains an administrative remedy procedure whereby an inmate can "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Under the procedure, "a prisoner who seeks administrative review of a complaint concerning the Bureau, must apply to the warden or [community corrections manager], to the Regional Director, and to the Office of

3

General Counsel [*i.e.*, the Central Office] for relief." *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994) (citing 28 C.F.R. §§ 542.11, 542.13, and 542.15). Administrative law requires exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *See Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (quotation and quotation marks omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

Picklesimer did not properly exhaust his administrative remedies regarding his First Step Act credits because he did not file an appeal with the Office of General Counsel prior to filing his petition. ECF 10-3, PgID 56. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Crisp v. United States*, No. 20-11538, 2020 WL 8765938, at *1 (E.D. Mich. Aug. 12, 2020) (quoting *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994)). Although Picklesimer began the administrative review process, he did not file an appeal with the Office of General Counsel, so his claim remains unexhausted. *See United States v. Singh,* 52 F. App'x 711, 712 (6th Cir. 2002).

Although there is a futility exception to the exhaustion requirement, *see Fazzini,* 473 F. 3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), Picklesimer failed to show that it would be futile to exhaust his claim. The

4

mere fact that the warden rejected his sentencing credit request after conferring with the Regional Director does not demonstrate "that full use of the administrative remedies available to [Picklesimer] would have been futile." *See Hicks v. Jordan*, 165 F. App'x 797, 799 (11th Cir. 2006). In fact, Picklesimer is unable to invoke the futility exception to the exhaustion rule in the absence of an attempt by him to exhaust his administrative remedies. *Cf. Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003) (habeas petitioner's failure to exhaust his state court remedies before seeking habeas relief from his state conviction under 28 U.S.C. § 2254 disqualified him from being able to invoke the futility exception to the exhaustion rule).

Because Picklesimer failed to exhaust his available administrative remedies, the Court will dismiss his petition. *See, e.g.*, *Gates-Bey v. U.S. Parole Com'n*, 9 F. App'x 308, 310 (6th Cir. 2001).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Picklesimer need not apply for one with this Court

5

or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

                                                       s/ Stephen J. Murphy, III
                                                      STEPHEN J. MURPHY, III
                                                      United States District Judge

Dated: January 7, 2025